**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | :   **17-cr-589-JKB** |
| **v.** | : |
| | : |
| **FERMIN GOMEZ-JIMENEZ** | : |
| | : |

**MOTION TO SUPPRESS IDENTIFICATION EVIDENCE**

Fermin Gomez-Jimenez, by and through his undersigned counsel, respectfully moves this Honorable Court to suppress all identifications evidence potentially offered by the government at trial.  Counsel submits the following, based on information and belief, in support thereof this motion.

1.      Mr. Gomez-Jimenez is charged in this indictment in both overt acts and substantive acts with a murder on or about March 11, 2016 and the attempted murder of two people on October 23, 2016.

2.      As it relates to the attempted murders, counsel believes that Mr. Gomez-Jimenez was identified by at least one complainant as well as two cooperating witnesses in out of court identification procedures.  The defense maintains that these out of court identification procedure was so "impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification." *Manson v. Braithwaite,* 432 U.S. 98, 107 (1977).  Counsel contends that any in-court identification can only be elicited after demonstrating that any in-court identification by the witness rests on a source independent of the tainted pretrial identification.

3.      Defense counsel is unaware of any other identification procedure conducted with any witness.  Counsel is also not in possession of any documents or information that reveals the exact procedure used by law enforcement officers for any identification procedure related to Mr. Gomez-Jimenez to determine whether such was impermissibly suggestive and thus the

identification should be excluded. The defense maintains the procedures were impermissibly suggestive such that the government should be precluded from introducing the identification at trial and/or precluded from eliciting an identification during witness testimony at trial.

4.      To date, the government has not disclosed additional information about this procedure that memorializes the identification procedure or the witness' exact statements in connection with the identification.

5.      Since counsel has not received complete information about the circumstances of this one out of court identification or any other out of court identification that the government will seek to introduce, counsel is unable to be more specific in this motion, but will supplement argument, if necessary.

6.      Identification evidence must be excluded at trial when police use a pretrial identification procedure so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process Clause. *Manson v. Braithwaite,* 432 U.S. 98, 107 (1977). See also, *Simmons v. United States,* 390 U.S. 377, 384 (1968), *and Stovall v. Denno,* 388 U.S. 293, 301-02 (1967).  "[R]eliability is in linchpin in determining the admissibility of identification testimony." *Mason v. Braithwaite,* 432 U.S. at 114.

7.      When a pretrial identification procedure is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for the reliable identification, including the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. *Mason v. Braithwaite,* 432 U.S. at 114.

8.      After an out-of-court identification that was unduly suggestive, the

prosecution can elicit an in-court identification only after demonstrating that any in-court identification by the witness rests on a source independent of the tainted pretrial identification. *United States v. Wade,* 388 U.S. 218, 241 (1967).

WHEREFORE, Counsel requests that the out-of-court identification evidence be suppressed from use at trial in this matter.

Respectfully submitted,

*/s/ Jenifer Wicks*

_____
JENIFER WICKS
MD Federal Bar No. 15573

Law Offices of Jenifer Wicks
6909 Laurel Avenue Suite 5419
Takoma Park MD 20913
Telephone (240) 468-4892
Facsimile (202) 478-0867
Jenifer@JWicksLaw.com

_____/s/_____
TERESA WHALEN
MD Federal Bar No. 25245

801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 588-1980; (301) 728-2905

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's motion.

*/s/ Jenifer Wicks*

_____
JENIFER WICKS

**CERTIFICATE OF SERVICE**

I hereby certify that I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing to the other parties in this matter.

/s/ Jenifer Wicks

_____
JENIFER WICKS