UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    17-cr-589-JKB |
| v. | : |
| | : |
| FERMIN GOMEZ-JIMENEZ | : |
| | : |

**MOTION TO SEVER TRIAL**

Fermin Gomez-Jimenez, by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 14 to sever his trial from the codefendants. In support of this motion, counsel states, based on information and belief, the following:

1. Mr. Gomez-Jimenez is charged by indictment on multiple charges with multiple codefendants.

2. Mr. Gomez-Jimenez submits that the presentation of evidence against the co-defendants in a single trial will be prejudicial to his right to a fair trial.

3. The government may offer evidence of statements made by the co-defendant to government agents implicating Mr. Gomez-Jimenez.  Should such a co-defendant not testify at trial, Mr. Mr. Gomez-Jimenez would be denied his confrontation rights as provided by the Sixth Amendment to the United States Constitution.  *See Cruz v. United States*, 481 U.S. 186 (1987); *Bruton v. United States*, 391 U.S. 123 (1968).

4.  Mr. Gomez-Jimenez was arrested on or about October 24, 2016.  While the indictment does not charge specific overt or substantive acts after that date, the conspiracy charged includes activity through "at least in or about 2017" and indicates activities occurring after Mr. Gomez-Jimenez's arrest.  The presentation of such activity after Mr. Gomez-Jimenez is

arrested would not be admissible against him and introduction of it at a joint trial would therefore be prejudicial.

     5. Mr. Gomez-Jimenez claims that the complexities which arise in the trial of multiple defendants together with regard to the admissibility of different pieces of evidence against the defendants individually is likely to result in prejudice to Mr. Mr. Gomez-Jimenez.

     6. Due to the varying levels of alleged involvement and different proof as to the defendants, there is a prejudicial joinder herein.

     7. The inevitable pursuit of different trial strategies by defense counsel will deprive Mr. Gomez-Jimenez of control over his defense.

     8. Mr. Gomez-Jimenez will likely be deprived of an opportunity to call any of the co-defendants as a witness on his behalf because no co-defendant can be compelled to testify at a joint trial.

     9. Conversely, should a co-defendant choose to testify, this might unduly influence the jury against Mr. Gomez-Jimenez. If the jury were to accept the testimony of the co-defendant, it might enhance the possibility that, notwithstanding instruction otherwise, the jury would draw a negative inference if Mr. Gomez-Jimenez exercised his right not to testify on his own behalf. Further, if the jury should reject the testimony of the testifying co-defendant, the lack of credibility of that witness would similarly be reflected upon Mr. Gomez-Jimenez.

     10. A separate trial for Mr. Cruz-Flores will avoid the clear prejudice which will ensue as set forth above. It will avoid the necessity of the Court making numerous instructions to the jury with regard to the admissibility of evidence.

11. To warrant severance on the basis of antagonistic defenses, codefendants must show that their defenses are irreconcilable and mutually exclusive. *See United States v. Sherlock,* 962 F.2d 1349, 1363 (9th Cir. 1992). Or rather:

> [t]o be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant.

*United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

12. Under Rule 14, a severance should be granted where there:

> is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice.

*Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 938 (1993) (internal citations omitted). In short: "[t]here must be such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other." *United States v. Najjar*, 300 F.3d 466, 474 (4th Cir. 2002). *See also United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965). Our Circuit tells trial courts that ""[i]f a substantial degree of prejudice springs from a joint trial, a severance is mandated." *United States v. Shuford*, 454 F.2d 772, 776 (4th Cir. 1971).

WHEREFORE, for the foregoing reasons as well as any additional reasons deemed meritorious by the Court, counsel and Mr. Gomez-Jimenez request that the Court grant this motion and sever his case for trial.

Respectfully submitted,

*/s/ Jenifer Wicks*

_____
JENIFER WICKS
MD Federal Bar No. 15573

Law Offices of Jenifer Wicks
6909 Laurel Avenue Suite 5419
Takoma Park MD 20913
Telephone (240) 468-4892
Facsimile (202) 478-0867
Jenifer@JWicksLaw.com

_____/s/_____
TERESA WHALEN
MD Federal Bar No. 25245

801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 588-1980; (301) 728-2905

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District of Maryland, a hearing is requested on the defendant's motion.

*/s/ Jenifer Wicks*
_____
JENIFER WICKS

**CERTIFICATE OF SERVICE**

I hereby certify that I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing to the other parties in this matter.

*/s/ Jenifer Wicks*
_____
JENIFER WICKS

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | 17-cr-589-JKB |
| v. : | |
| : | |
| **FERMIN GOMEZ-JIMENEZ** : | |
| : | |

**ORDER**

Based upon the MOTION TO ADOPT, JOIN, AND CONFORM TO MOTIONS, OBJECTIONS, OR OTHER APPLICATIONS FOR RELIEF FILED AND RAISED BY CODEFENDANTS, the record herein and for good cause shown, it is this _____ day of _____ 2019 hereby

ORDERED that the motion is GRANTED.

_____

Chief Judge James K. Bredar